COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


ANTOINE LEONARD INGRAM

MEMORANDUM OPINION[*] BY
v.   Record No. 1791-01-1        JUDGE LARRY G. ELDER
                                  OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

J. Barry McCracken for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Antoine Ingram (appellant) appeals from his jury trial

convictions for two counts of robbery, two counts of using a

firearm in the commission of robbery, and one count of

conspiracy to commit robbery. On appeal, he contends he was

entitled to be sentenced by the same jury that convicted him

because, although he was a juvenile when the charged offenses

occurred, he had been tried and convicted as an adult on an

unrelated offense before his trial for the instant offenses and,

thus, pursuant to Code § 16.1-271, was entitled to be treated as

an adult in all stages of the instant proceedings.

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The Commonwealth contends appellant waived any right to be sentenced by a jury because he failed to object to discharge of the jury following its verdict in the guilt phase of his trial. Alternatively, it argues appellant had no right to be sentenced by a jury in the instant proceedings because he had not yet been sentenced on the unrelated offense and, thus, he had not been "tried and convicted . . . as an adult" within the meaning of Code § 16.1-271.

Assuming without deciding appellant properly preserved this issue for appeal, we hold no error occurred. Thus, we affirm.

I.

BACKGROUND

Appellant was born on July 24, 1982. On April 22, 2000, while appellant was seventeen years old, appellant and a companion committed the instant offenses, which included robbing Clarence Whitley and Raymond Joyner and using a firearm in the commission of those robberies. Juvenile petitions were issued charging appellant with two counts of robbery and two counts of using a firearm in the commission of a felony for these events, hereinafter the Whitley/Joyner robberies. On July 14, 2000, the juvenile and domestic relations district court (the juvenile court) certified the charges to the circuit court, and on August 2, 2000, the grand jury issued indictments for the charged offenses. The grand jury also issued a direct indictment

-

charging that appellant conspired with another to commit the April 22, 2000 robberies.

During this same period of time, appellant underwent prosecution for another robbery, an unrelated offense alleged to have occurred on May 2, 2000, hereinafter the Tindall robbery.[1] The juvenile court certified appellant for trial as an adult, and the grand jury issued an indictment. Appellant entered a plea of not guilty, and at trial on February 28 or March 1, 2001, the jury found appellant guilty of the Tindall robbery.

On March 28, 2001, appellant was tried by a jury for the Whitley/Joyner robberies and was found guilty of all five offenses. At the conclusion of the penalty phase, the trial court discharged the jury without objection from appellant and continued the matter until May 18, 2001, for sentencing.

On May 18, 2001, appellant was sentenced for the Tindall robbery. The sentencing in the Whitley/Joyner robberies, originally set for May 18, 2001, was continued to May 24, 2001. On that date, appellant argued for the first time that he was entitled to be sentenced by a jury for the Whitley/Joyner robberies for which he was convicted on March 28, 2001, because, at the time of the Whitley/Joyner trial, he had already been found guilty by a jury of the Tindall robbery. Appellant

_____

[1] No documents relating to the Tindall robbery prosecution appear in the record. The record contains only the parties' assertions and the trial court's statements regarding the sequence of events.

-

conceded he had not raised this argument previously but contended the argument was jurisdictional.

The trial court noted that the sentencing order had not yet been entered for the Tindall robbery, and with the parties' agreement, the court continued the matter to June 21, 2001, to give the parties an opportunity to file memoranda on appellant's motion for jury sentencing.

On May 25, 2001, the sentencing order for the Tindall robbery conviction was entered.

On June 21, 2001, the trial court denied appellant's motion for jury sentencing for the Whitley/Joyner robberies.

II.

ANALYSIS

In the case of conviction of an adult by a jury for a criminal offense, "the term of confinement . . . and the amount of fine, if any, . . . [also] shall be ascertained by the jury . . . ."  Code § 19.2-195.

> In any case in which [a charge against a juvenile is certified and the] juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing.  Upon a finding [that the juvenile is] guilty of any charge other than capital murder, the court shall fix the sentence without the intervention of a jury.

Code § 16.1-272.  Thus, whereas an adult convicted of a criminal offense in a jury trial is entitled to be sentenced by a jury,

-

as well, a juvenile certified for trial as an adult on any charge except capital murder ordinarily is not entitled to be sentenced by a jury.

Appellant argues that Code § 16.1-271 provides an exception to that principle under the facts of this case. Pursuant to Code § 16.1-271,

> [t]he trial or treatment of a juvenile as an adult pursuant to the provisions of this chapter shall preclude the juvenile court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile.
> Any juvenile who is tried and convicted in a circuit court as an adult under the provisions of this article shall be considered and treated as an adult in any criminal proceeding resulting from any alleged future criminal acts and any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.
> All procedures and dispositions applicable to adults charged with such a criminal offense shall apply in such cases, including, but not limited to . . . trial and sentencing as an adult. . . .

Appellant argues that the jury's returning a verdict of guilty in the Tindall robbery trial on February 28, 2001, entitled him to be sentenced as an adult, by a jury, following his conviction for the Whitley/Joyner robberies on March 28, 2001. The Commonwealth contends appellant waived any right to be sentenced by a jury for the Whitley/Joyner robberies because he failed to object to discharge of the jury following its verdicts in the guilt phase of his trial. We assume without

-

deciding that appellant preserved this issue for appeal and hold, on the merits, that Code § 16.1-271 did not entitle appellant to be sentenced as an adult, by a jury, for the Whitley/Joyner robberies.

Paragraph 1 of Code § 16.1-271 affects only the jurisdiction of the juvenile court. It precludes only the juvenile court from taking jurisdiction over a juvenile previously tried or treated as an adult and precludes that court's exercise of jurisdiction only over subsequent offenses committed by that juvenile.

Here, nothing in the record establishes that the juvenile court exercised jurisdiction over appellant for the Whitley/Joyner robberies after appellant was tried or treated as an adult for the Tindall robbery. The juvenile court's last actions in relation to the Whitley/Joyner offenses were to certify the cases on July 14, 2000, and to order the charges and related documents transferred on July 20, 2000, well in advance of appellant's February 28, 2001 trial for the Tindall robbery. Nothing in the record establishes when appellant first might have been "treat[ed] . . . as an adult" for purposes of the Tindall robbery, and thus, appellant has failed to prove that any such treatment occurred while the juvenile court still had jurisdiction. Further, the Whitley/Joyner robberies occurred on April 22, 2000, before the Tindall robbery, which occurred on May 2, 2000. Thus, the Whitley/Joyner robberies were not

-

"subsequent offenses committed by that juvenile" within the meaning of the first paragraph of Code § 16.1-271.  Cf. Johnson v. Commonwealth, 259 Va. 654, 669, 529 S.E.2d 769, 777 (2000) (interpreting "future criminal acts" as used in paragraph 2 of Code § 16.1-271 to mean acts actually occurring later in time without considering when charges were brought or tried).

Appellant argues that he should have been sentenced as an adult for the Whitley/Joyner robberies because he had been "tried and convicted," as those terms are used in paragraph 2, for the Tindall robbery before he was tried for the Whitley/Joyner robberies.  We need not decide, however, whether the jury's verdict of guilty in the Tindall robbery trial constituted a "convict[ion]" within the meaning of paragraph 2 because the Whitley/Joyner robberies do not meet either criterion of the second portion of paragraph 2.

First, the trial for the Whitley/Joyner robberies was not a "criminal proceeding resulting from any alleged future criminal acts" because the Whitley/Joyner robberies occurred before rather than after the Tindall robbery.  Code § 16.1-271; Johnson, 259 Va. at 669, 529 S.E.2d at 777.  Second, the Whitley/Joyner robberies were not "pending allegations of delinquency which [had] not been disposed of by the juvenile court at the time of the [Tindall robbery] conviction." Assuming without deciding that appellant was "convicted" for the Tindall robbery on the earliest date alleged, February 28, 2001,

-

the date of the jury's verdict, the juvenile court had already certified the Whitley/Joyner robbery charges on that date, the grand jury had already issued indictments, and a trial date already had been set. Thus, regardless of the definition given to the word, "convicted," as used in paragraph 2, the statute did not require the circuit court to sentence appellant as an adult for the Whitley/Joyner robberies.[2]

Had the legislature wished to require that the conviction of a juvenile in circuit court would alter the nature of all unrelated proceedings against that same juvenile which had already been transferred to and remained pending in the circuit court, it could have done so. Instead, the only pending circuit court proceedings affected by Code § 16.1-271 are those "resulting from any alleged future criminal acts." Johnson, 259 Va. at 669, 529 S.E.2d at 777 (interpreting "future criminal acts" as acts occurring later in time than original offense without considering when trial and conviction for original offense occurred).

For these reasons, we affirm the challenged convictions.

Affirmed.

---

[2] Because the factual assumptions we make allow us to decide this case based on express statutory language, see Code § 16.1-271, and existing interpretations of the terms "future" and "subsequent" as used in that statute, see Johnson, 259 Va. at 669, 529 S.E.2d at 277, we conclude this decision does not warrant publication.

-